FILED
2015 Apr-15 PM 04:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:15-CV-135-VEH ) |
| **JIMMIE COLLINS, ALTON POWERS, and POWERS ROOFING, LLC,** | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

On January 23, 2015, Plaintiff Scottsdale Insurance Company ("Scottsdale"), initiated this insurance declaratory judgment action against three defendants (hereinafter "*Scottsdale II*"),[1] including Defendant Jimmie Collins ("Ms. Collins"). (Doc. 1). Pending before the court is Ms. Collins's Motion To Dismiss (Doc. 17) (the "Motion") filed on March 19, 2015.

Scottsdale opposed the Motion (Doc. 18) on March 31, 2014, and Ms. Collins has filed no reply. For the reasons explained below, the Motion is **DENIED**.

---

[1] *Scottsdale I* is defined *infra* at 4.

## II.     Standard

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (footnote omitted) (quoting Fed. R. Civ. P. 8(a)(2)), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007); *see also* Fed. R. Civ. P. 8(a) (setting forth general pleading requirements for a complaint including providing "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a plaintiff must provide the grounds of her entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 (quoting *Conley*, 355 U.S. at 47, 78 S. Ct. at 103). However, at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the

allegations in the complaint." *Twombly*, 550 U.S. at 563, 127 S. Ct. at 1969.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid*." *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

**III.  Analysis**

    **A.  The Motion is denied as inadequately developed.**

Ms. Collins's Motion consists of 2 pages (Doc. 17) and lacks any attached or

separately filed supporting brief. Further, while the Motion suggests that a dismissal of Scottsdale's lawsuit is appropriate for 3 reasons, Ms. Collins offers no analysis or legal authority substantiating her positions. Instead, she expresses her purported points in 3 separate paragraphs, each one consisting of only a single sentence.

As this court has repeatedly held, it is under no obligation to address such perfunctorily made contentions. *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court). Consequently, the Motion is **DENIED** as underdeveloped.

### B. The Motion is also denied on the merits.

Alternatively, the Motion is **DENIED** on the merits. Ms. Collins first claims that a dismissal of *Scottsdale II* is appropriate because an earlier declaratory judgment action, 4:14-CV-495-VEH (hereinafter "*Scottsdale I*"),[2] filed by Scottsdale against the same defendants that have been sued here, was dismissed. (Doc. 17 at 1 ¶ 1). What Ms. Collins fails to acknowledge in her Motion is that the dismissal in

---

[2] *Scottsdale I* was originally pending before Judge Propst, but the lawsuit was reassigned to the undersigned on October 7, 2014. (Doc. 19).

4

*Scottsdale I*, <u>entered by the undersigned</u>, related to the inadequate nature of Scottsdale's diversity allegations and, accordingly, was done <u>without prejudice to filing a new lawsuit</u>. (Doc. 43 at 3 ("Because Scottsdale has invoked the jurisdiction of this court, and because its complaint fails to allege the proper jurisdictional facts, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this action is **HEREBY DISMISSED WITHOUT PREJUDICE**.") (emphasis in original)).

Therefore, the jurisdictional-only dismissal of *Scottsdale I* does not demand a dismissal of *Scottsdale II*, especially as Scottsdale has, in *Scottsdale II*, corrected its previous error committed in *Scottsdale I* and established the existence of diversity in a manner that comports with the rules governing the citizenship of limited liability companies. (*See* Doc. 1 at 2 ¶ 3 ("Alton Powers is the sole shareholder, member, and/or partner of Powers Roofing, LLC, and is a resident of Madison County, Alabama.")).

Second, Ms. Collins suggests that a dismissal of *Scottsdale II* is appropriate "because the actual amount in controversy does not exceed this Court's jurisdictional limit of $75,000." (Doc. 17 at 1 ¶ 2). Scottsdale alleges in its complaint that "the amount in controversy . . . exceeds this Honorable Court's minimum jurisdictional limits of $75,000, exclusive of interest and costs . . . ." (Doc. 1 at 2 ¶ 7).

As the United States Supreme Court has made clear, "[t]he rule governing

5

dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938) (footnote omitted). Moreover, "[i]t must appear to a <u>legal certainty</u> that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 289, 58 S. Ct. at 590 (emphasis added).

Ms. Collins's mere assertion that the actual amount in controversy in this insurance coverage dispute falls under the jurisdictional minimum is ineffective to show the absence of Scottsdale's apparent good faith and that "to a legal certainty" the parties' dispute is really worth less than the federal threshold. Further, Scottsdale more than substantiates satisfaction of the *Red Cab* standard by pointing to and attaching the underlying commercial general liability insurance policy at issue, which has "annual per-claim limits of $1,000,000." (Doc. 1 at 4 ¶ 12).

Additionally, Ms. Collins's underlying state court complaint seeks to recover a punitive award for the extensive property damage caused to her home. (*See* Doc. 1-1 at 5 ("[P]laintiff demands judgment against defendant in an amount of compensatory

and punitive damages as a jury deems reasonable and may award costs.")).[3] Furthermore, the appraised value of Ms. Collins's home for the 2013 tax year was $78,400.00. (Doc. 18-7 at 2).[4] Thus, Ms. Collins's amount in controversy argument does not warrant a dismissal of *Scottsdale II*.

Finally, Ms. Collins contends that this court should dismiss *Scottsdale II* due to her underlying state court action, which is pending in the Circuit Court of Marshall County, Alabama–"Case No. CV 12-40 with the same parties and which includes the issue of Scottsdale Insurance Company's liability to Jimmie Collins for representing to Collins that it afforded insurance coverage for any loss for damage she sustained to her residence as a result of Powers' conduct." (Doc. 17 at 1 ¶ 3). Here, Ms. Collins appears to be making an abstention-based argument in favor of dismissing *Scottsdale II*.

Scottsdale first responds that it was dismissed from Ms. Collins's state court action on September 30, 2014. (Doc. 18 at 7). However, the collection of attachments to Scottsdale's opposition lacks any confirmation of this circuit court dismissal.

Scottsdale then explains why it believes that this particular argument is subject

---

[3] Any page references to Doc. 1-1 correspond with the court's CM/ECF numbering system.

[4] Any page references to Doc. 18-7 correspond with the court's CM/ECF numbering system.

to issue preclusion as the substance of this ground for dismissal was previously raised in and decided adversely to Ms. Collins by Judge Propst in *Scottsdale I*.[5] (Doc. 18 at 7-9). Scottsdale also offers several other reasons to reject this part of her Motion.

Ms. Collins has not attempted to counter Scottsdale's opposition by way of a reply and more specifically she leaves uncontested the representation made by Scottsdale that it is no longer a party to her state court action. Moreover, Ms. Collins has not otherwise demonstrated why an abstention-driven dismissal of *Scottsdale II* on account of her state court case is appropriate under the factor-related framework adopted by the Eleventh Circuit in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005) (listing factors to weigh "in balancing state and federal interests" when deciding a dispute over abstention).

In particular, even assuming that Scottsdale is still a defendant in Ms. Collins's state court suit, Ms. Collins simply has not carried her burden in persuading this court that a dismissal of *Scottsdale II* is an appropriate exercise of its discretion on the basis of abstention. As a result, the court does not address the substance of the remaining issues identified by Scottsdale in opposition to this portion of Ms. Collins's Motion.

---

[5] On June 6, 2014, Judge Propst denied Ms. Collins's Motion To Dismiss (Doc. 13) filed in *Scottsdale I*, by way of a margin entry that did not discuss his reasoning. *See* CM/ECF margin order dated June 6, 2014 ("ORDER denying 13 Motion to Dismiss. Signed by Judge Robert B[.] Propst on 06/09/2014.").

## IV. Conclusion

Accordingly, Ms. Collins's Motion is **DENIED**.

**DONE** and **ORDERED** this 15th day of April, 2015.

                                                    */s/ Virginia Emerson Hopkins*
                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge